Commonwealth *v.* Donahue, Appellant.

Argued May 9, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John Duggan, Jr.,* for appellant.

*E. R. Jackson,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

Opinion by Rhodes, J., June 28, 1939:

Appellant's contention is that the evidence presented at the trial failed to establish the offense charged in the indictment upon which she was tried. She was indicted under section 1 of the Act of July 16, 1917, P. L. 1000, 18 PS §831, as the pathic and not the actor. A police officer was an eyewitness, and testified to the occurrence. He fully described what he saw and found, and the conditions which he observed. He also testified without objection that appellant, when apprehended, admitted what they were doing, stated that this was the first time she had done such a thing, and asked to be let go. Neither principal testified, and no defense was offered.

Counsel for appellant argues that there was no proof of penetration (section 2 of the Act of July 16, 1917, P. L. 1000, 18 PS §832), and that therefore there was not sufficient evidence to convict. With this argument we do not agree. The fact of penetration may be shown by circumstantial evidence where such evidence is sufficient to satisfy the jury beyond a reasonable doubt. The condition, position, and proximity of the parties, as testified to by the eyewitness to the affair, affords sufficient evidence of penetration to warrant the verdict. Appellant and the other party were jointly engaged in the crime, and the only way to prove penetration was by the facts and circumstances. See *State v. Gage et al.,* 139 Iowa 401, 116 N. W. 596.

The case was for the jury, and the evidence was sufficient to sustain the conviction.

The judgment is affirmed, and the record is remitted to the court below, and it is ordered that defendant appear in the court below at such time as she may there be called, and that she be by that court committed until she has complied with the sentence, or any part thereof which had not been performed at the time the appeal in this case was made a supersedeas.