**Hayward TAYLOR and John L. Harte, Plaintiffs in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13130.**

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1962.

Archibald B. Hill, Jr., Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by plaintiffs in error, Hayward Taylor and John L. Harte, charged jointly by information in the district court of Comanche County, Oklahoma, with having committed the crime of oral sodomy, each one of the other. The crime was allegedly committed on June 30, 1960 in said county and state. The defendants were tried, convicted and their punishment set at eight years in the penitentiary. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

The defendants urge but one contention: That the verdict is contrary to law and the evidence, for the reason that the testimony of the state's witnesses is too speculative, imaginative, and weak to support the verdict; therefore the court erred in overruling defendant's motion for a directed verdict of acquittal, on the ground that the evidence was insufficient to warrant conviction. We find no such motion in the record, but instead there was a demurrer to the evidence.

The statutes under which this case was lodged are 21 O.S.1961 § 886, and 21 O.S. 1961 § 887, which provide:

"§ 886. Every person who is guilty of the detestable and abominable crime against nature, committed with mankind or with a beast, is punishable by imprisonment in the penitentiary not exceeding ten years."

"§ 887. Any sexual penetration, however slight, is sufficient to complete the crime against nature."

■ The facts, briefly, are as follows: The sheriff's office of Comanche County, Oklahoma received information about 10 p. m., on June 30, 1960, that a car was parked in or near a yard about a mile and a quarter west of Hankin's Drive-In Theatre. In response to the call, Deputy Neal Glover and Deputy Jess McLain responded and shortly thereafter arrived at the scene. There they observed a Chevrolet sedan parked on the south side of the road, headed east. The lights of the car were off.

Officer Jess McLain reached the car first, flashed his light in the car and observed the two defendants, Taylor and Harte, both in the back seat, with their clothes off, nude. Taylor was lying on the back seat with his head to the north, and facing to the east or front of the car. Harte was lying with his head to the south, facing west or the back of the car. Just as the light flashed on them, they were getting up, and did get up. Harte slid over into the front seat. The defendants began spitting and wiping their mouths with rags they had. The rags showed damp spots on them.

Officer Neal Glover was slightly delayed in getting his flashlight and he got to the scene just as Harte was sliding over into the front seat. Glover testified Harte's penis was erect. Taylor, a sargeant in the military at Fort Sill, voluntarily told Glover that if he would not discuss this matter with the military authorities, that he would be willing to talk it over with the two deputies.

The gist of the defense was that Harte took Taylor out for some fresh air, Taylor being drunk and sick on wine. Taylor explained he had vomited and hence was wiping vomit off his mouth. He contended he had his pants on.

Harte was not intoxicated and had not been drinking. He testified he had on a light shirt, trousers and bedroom scuffs. He testified that it was about 9 p. m. when they decided to get out to get some fresh air.

On rebuttal Officer McLain testified there was no indication of intoxication in Taylor and no explanation that he had been vomiting.

■ The evidence presented a conflict which was a question for the determination of the jury. In Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479, this court said:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, Criminal Court of Appeals will not interfere with verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts."

The statutes hereinbefore quoted have been held to encompass copulation between human beings per os as well as per anum. See Ex parte DeFord, 14 Okl.Cr. 133, 168 P. 58; and Berryman v. State, Okl.Cr., 283 P.2d 558 for extensive discussions on the subject.

■ The defendants assert, and correctly so, that "The quantum of proof necessary to sustain a conviction for rape should likewise apply to a case of sodomy." Cole v. State, 84 Okl.Cr. 76, 179 P.2d 176; Hopper v. State, Okl.Cr., 302 P.2d 162.

■ Such proof includes evidence of slight penetration, also. Hopper v. State, supra. But this proof may be supplied by circumstantial evidence. In United States v. Kelly, D.C., 119 F.Supp. 217, on the foregoing point it was said:

"Undoubtedly the essential elements of an offense may be proved by circumstances and inferences, George v. United States, supra [75 U.S.App.D.C. 197, 125 F.2d 559] and circumstantial evidence may be sufficient in itself to prove an accused is guilty as charged, Ercoli v. United States, supra [76 U.S.

App.D.C. 360, 362–363, 131 F.2d 354, 356–357]. Accordingly, it has been held in several jurisdictions that the condition, position and proximity of defendants, as testified to by eyewitnesses, afford sufficient evidence of penetration to warrant a sodomy verdict; since it is very seldom that penetration can be observed in cases involving sex offenses, it must generally be proven by facts and circumstances. Commonwealth v. Bowes, 1950, 166 Pa. Super. 625, 74 A.2d 795; Commonwealth v. Donahue, 1939, 136 Pa.Super. 306, 7 A.2d 13; State v. Crayton, 1908, 138 Iowa 502, 116 N.W. 597. Cf. State v. Tarrant, 1915, 12 Ala.App. 172, 67 So. 626; Almendaris v. State, supra [Tex. Cr.App.1903, 73 S.W. 1055].

The case of State v. Pratt, 151 Me. 236, 116 A.2d 924 also holds that the position of the parties and other circumstances, as were evident in the case at bar, are sufficient to establish the fact of penetration.

In Commonwealth v. Donahue, 136 Pa. Super. 306, 7 A.2d 13, it was said:

"The fact of penetration may be shown by circumstantial evidence where such evidence is sufficient to satisfy the jury beyond a reasonable doubt. The condition, position, and proximity of the parties, as testified to by the eyewitnesses to the affair, affords sufficient evidence of penetration to warrant the verdict. Appellant and the other party were jointly engaged in the crime, and the only way to prove penetration was by the facts and circumstances. See State v. Gage et al., 139 Iowa 401, 116 N.W. 596.

"The case was for the jury, and the evidence was sufficient to sustain the conviction."

And see Hudspeth v. State, 194 Ark. 576, 108 S.W.2d 1085, and other cases supporting the foregoing principles, set out in 81 C.J.S. Sodomy § 5, notes 58, 62, 63, 64, 65.

We have read this record several times, because the charge, like that of rape, is so easily made and so difficult to defend, but like the jury, we are of the opinion that the evidence of guilt is clear beyond a reasonable doubt, and inconsistent with any other hypothesis than guilt. Harte's condition when observed coming over the back seat, as well as Taylor's condition, and their subsequent conduct makes a conclusion of guilt inescapable.

The judgment and sentence is accordingly affirmed.

NIX, P. J., and BUSSEY, J., concur.