534 A.2d 114

**COMMONWEALTH of Pennsylvania**

v.

**David Charles CUMMINGS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 27, 1987.

Filed Dec. 2, 1987.

342

Scott W. Naus, Public Defender, Bloomsburg, for appellant.

Elwood R. Harding, Jr., District Attorney, Bloomsburg, for Com., appellee.

Before CIRILLO, President Judge, and HOFFMAN and HESTER, JJ.

CIRILLO, President Judge:

This is an appeal from a judgment of sentence entered by the Court of Common Pleas of Columbia County against appellant, David Cummings, after he pled guilty to burglary. We quash.

Appellant was arrested and charged with receiving stolen property, criminal trespass, burglary, and theft. He pled guilty to the burglary charge and the remaining charges were subsequently withdrawn. The court then sentenced Cummings to a period of incarceration of not less than four years nor more than ten years. Cummings appealed to this court, challenging the sentence as an abuse of discretion.

■ Appellant does not challenge the legality of the sentence. Thus, an appeal in this case is not taken as of right. *See* 42 Pa.C.S. § 9781(a). Rather, appellant challenges the discretionary aspects of the sentence.

■ When appealing the discretionary aspects of a sentence, the appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 511–513, 522 A.2d 17, 19 (1987); 42 Pa.C.S. § 9781(b). Only after appellant has fulfilled these requirements will this court review the merits of the case. *Id.;* Pa.R.A.P. 2119(f).

Appellant has minimally complied with the first requirement set out above. His brief does in fact contain a statement of the reasons relied upon for allowance of appeal. *See* Pa.R.A.P. 2119(f). However, "[i]t is only where a party can articulate reasons why a particular sentence raises doubts that [the sentencing] scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion." *Tuladziecki*, 513 Pa. at 515, 522 A.2d at 20.

■ Appellant's statement of the reasons relied upon for allowance of appeal proclaims that "failure of the [trial]

court to consider on the record mitigating circumstances in the sentence raises [a] substantial question that the sentence imposed is inappropriate." This assertion fails to provide us with any articulable reasons why the sentence imposed upon the appellant compromises the sentencing scheme as a whole. The proffered statement fails to mention the length of the sentence imposed on him or the crime for which he was sentenced. The terms of the sentence the appellant is asking us to review and the crime or crimes which gave rise to that sentence are *sine qua nons* of a petition for allowance of appeal of the discretionary aspects of a sentence. This court simply cannot gauge whether there is a "substantial question" that "a particular sentence raises doubts that [the scheme of the Sentencing Code] as a whole has been compromised" without knowing what the length of the sentence is or what the crimes involved are. Appellant's failure to supply these elements in his statement of the reasons relied upon for allowance of appeal prevents us from finding a substantial question that the sentence is inappropriate, and thus we cannot accept the appeal.

Appeal quashed.

HOFFMAN, J., concurs in result.