550 A.2d 567

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Clair B. ZIEGLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 1, 1988.

Filed Nov. 7, 1988.

David Crowley, Assistant Public Defender, Bellefonte, for appellant.

Sharon L. Potter, Assistant District Attorney, Bellefonte, for Com., appellee.

Before OLSZEWSKI, MONTGOMERY and HOFFMAN, JJ.

MONTGOMERY, Judge:

At the conclusion of a jury trial, the appellant was convicted of one count of involuntary deviate sexual intercourse in connection with an assault committed against a twelve year old girl. Timely filed post-verdict motions were denied by the trial court and the appellant was sentenced to a term of five to fifteen years imprisonment. This timely appeal followed. We dismiss the appellant's appeal from the discretionary aspects of his sentence and, finding his other argument meritless, we affirm the judgment of sentence.

The appellant argues that the sentence imposed upon him by the trial court is excessive. He therefore urges us to vacate the judgment of sentence and remand the matter for resentencing. The crux of the appellant's argument is that a lesser sentence would have adequately protected the public and would have more fully met his rehabilitative needs. The appellant's challenge is to the discretionary aspects of his sentence. Thus, he may not appeal of right, but must petition for allowance of his appeal. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S.A. § 9781(b). The appellant has complied with the requirement of Pa.R.A.P. 2119(f), as interpreted in *Commonwealth v. Tuladziecki, supra*, in that he has included in his brief a separate statement, preceding the argument portion, as to why his case involves a substantial question that the sentence imposed is inappropriate under the Sentencing Code and thus warrants the exercise of our discretion to consider his appeal. However, we are constrained to dismiss the appellant's appeal from the discretionary aspects of his sentence because we find his attempt to satisfy Pa.R.A.P. 2119(f) falls short of the requirements which this Court set forth in *Commonwealth v. Cummings*, 368 Pa. Super. 341, 534 A.2d 114 (1987).

In *Cummings*, a panel of this Court wrote:

[t]he proffered statement fails to mention the length of the sentence imposed on him or the crime for which he was sentenced. The terms of the sentence the appellant is asking us to review and the crime or crimes which gave rise to that sentence are *sine quo nons* of a petition for allowance of appeal of the discretionary aspects of a sentence. This court simply cannot gauge whether there is a 'substantial question' that 'a particular sentence raises doubts that [the scheme of the Sentencing Code] as a whole has been compromised' without knowing what the length of the sentence is or what the crimes involved are. Appellant's failure to supply these elements in his statement of the reasons relied upon for allowance of appeal prevents us from finding a substantial question that the sentence is inappropriate, and thus, we cannot accept the appeal.

*Id.*, 368 Pa.Superior Ct. at 344, 534 A.2d at 115.

Instantly, we have reviewed the appellant's statement of reasons for allowance of appeal. Therein we find that the appellant supplies us with the term of his sentence: total confinement in a state correctional institution for a period of not less than five years nor more than fifteen years. However, fatal to his appeal, the appellant fails to identify the "crime ... which gave rise to that sentence...." *Id.* Thus, bound by the previous holding of this Court in *Commonwealth v. Cummings, supra,* we dismiss the appellant's appeal from the discretionary aspects of his sentence.

■ The second argument presented by the appellant is that the trial court erred in allowing his conviction to stand despite the lack of evidence that penetration, a necessary element of the offense, occurred. We note preliminarily that the appellant's motion in arrest of judgment was presented to the trial court based upon this same assertion. Because a motion in arrest of judgment is the proper mode of attack to the sufficiency of the evidence adduced at trial, we construe the instant argument to present a challenge to the sufficiency of the evidence presented against the appel-

lant. See, *Commonwealth v. Westcott,* 362 Pa.Super. 176, 523 A.2d 1140 (1987).

When confronted with a challenge to the sufficiency of the evidence, we thoroughly examine all of the evidence actually received, viewing it in the light most favorable to the Commonwealth as the verdict winner below. Our objective is to determine whether the evidence and all reasonable inferences drawn therefrom are sufficient in law to establish each material element of the crime and to prove beyond a reasonable doubt that the appellant committed the crime. *See, Commonwealth v. Rodgers,* 364 Pa.Super. 477, 528 A.2d 610 (1987). *See also, Commonwealth v. Smith,* 520 Pa. 600, 467 A.2d 1120 (1983).

Specifically, the appellant argues that his conviction cannot stand absent proof of penetration. A person commits the crime of involuntary deviate sexual intercourse when he:

> engages in deviate sexual intercourse with another person: (1) by forcible compulsion; (2) by a threat of forcible compulsion that would prevent resistance by a person of reasonable resolution; (3) who is unconscious; (4) who is so mentally deranged or deficient that such person is incapable of consent; or (5) who is less than 16 years of age.

18 Pa.C.S.A. § 3123. Deviate sexual intercourse is defined as "sexual intercourse per os or per anus between human beings who are not husband and wife, except as provided in section 3128 (relating to spousal sexual assault), and any form of sexual intercourse with an animal." 18 Pa.C.S.A. § 3101.

In *Commonwealth v. Ortiz,* 311 Pa.Super. 190, 457 A.2d 559 (1983), this Court addressed the issue of "penetration." There, we reasoned that:

> [i]t is quite clear ... that the definition of 'sexual intercourse' found at [18 P.S. § 3101] does not specify 'penetration of the vagina,' but instead specifies 'some penetration however slight.' ... *Commonwealth v. Bowes,* 166 Pa.Super. 625, 74 A.2d 795 (1950) ... is the only

Pennsylvania appellate case specifically delineating what penetration means in this context. That case stated that entrance in the labia is sufficient: 'To constitute the crimes of rape there must be penetration, *however slight,* (res in re, but entrance in the labia sufficient: 44 Am.Jur., Rape, § 3).' *Id.* at 628, 74 A.2d at 796 (emphasis in original). We therefore will not hold that a finding of penetration of the vagina is necessary for the jury to find 'penetration however slight....' ... [P]enetration of the vagina, in essence the farther reaches of the female genitalia, is not necessary to find penetration under Section 3101.

*Commonwealth v. Ortiz,* 311 Pa.Super. at 193, 457 A.2d at 560–561.

In *Commonwealth v. Bowes, supra,* the appellant argued that his conviction for sodomy, stemming from subjecting his child victim to cunnilingus, could not be sustained since there was no evidence of penetration. The *Bowes* Court noted that every possible ingredient of the offense was clearly established, except that there was no *direct* evidence of penetration. *Commonwealth v. Bowes,* 166 Pa.Superior Ct. at 626, 74 A.2d at 795. Relying on an earlier decision, *Commonwealth v. Donahue,* 136 Pa.Super. 306, 7 A.2d 13 (1939), the Court rejected the argument advanced by the appellant and held "[t]he defendant had committed a well-known type of perversion and the jury was quite justified in finding that the position he was in was circumstantial proof of penetration." *Commonwealth v. Bowes,* 166 Pa.Superior Ct. at 627, 74 A.2d at 796.

In the case at bar, the appellant argues that cases such as *Commonwealth v. Donahue, supra,* and *Commonwealth v. Bowes, supra,* holding that penetration can be proven circumstantially, are distinguishable from this case because both *Donahue* and *Bowes* involved eyewitness testimony of a nonparticipant whose view of the act in question was necessarily obstructed by the positions of the participants. The appellant maintains that the instant case does not present that problem as the witness declarant is the "sup-

posed victim" who is in the best position to notice labial insertion if it in fact occurred. It is settled law in this Commonwealth that even the uncorroborated testimony of a prosecution witness may be sufficient to convict. *Commonwealth v. Westcott, supra, citing, Commonwealth v. Stoner,* 284 Pa.Super. 364, 425 A.2d 1145 (1981); *Commonwealth v. White,* 341 Pa.Super. 261, 491 A.2d 252 (1985). Additionally, like any element of an offense, penetration can be proven with circumstantial evidence.

In the instant matter, the appellant's victim testified on direct examination as follows:

Q: Now you said he kissed you. Where did he kiss you?

A: On my vagina.

Q: Was your clothing—your underwear was pulled down?

A: Yes.

Q: How did he kiss you?

A: Like a puppy dog.

Q: He was licking you?

A: Yes.

Q: About your vagina?

A: Yes.

Q: And did this bother you?

A: Yes.

Q: What did you do after he did this?

A: I asked if I could go to the bathroom again and I did then I came back and he wasn't there.

Trial transcript, at 47.

The offensive conduct leading to the appellant's conviction in this case also served as the basis for the conviction in *Commonwealth v. Westcott, supra.* The appellant in *Westcott* also challenged, *inter alia,* the sufficiency of the evidence presented against him. The victim in *Westcott* offered testimony similar to that presented in the instant case:

Q. Did he get the zipper down?

A. Yes.

Q. What happened then, Tammy?

A. He had pulled down my underwear and my jeans at the same time. And he had—he put his head down and started—

Q. Started what?

A. He had oral sex.

Q. I'm sorry?

A. He started sucking on my vagina.

\* \* \* \* \* \*

Q. What did you do when he started licking you there?

A. I started crying. I didn't know why he would do something like that and I was scared....

In rejecting the appellant's claim, this Court reasoned: [The victim's] description of appellant's conduct was sufficiently lucid to enable a person of ordinary intelligence to comprehend the heinous nature of the acts performed on her, see[,] *Commonwealth v. Stoner*, [*supra*,] and to establish the element of penetration. [Citation omitted] Furthermore, the position of appellant relative to the victim during the commission of the offense admits of circumstantial proof of penetration. [Citation omitted]

*Id.* 362 Pa.Super. at 200, 523 A.2d at 1152.

Viewing the record before us, in the appropriate light, in its entirety, we conclude that the Commonwealth produced ample evidence which established the requisite elements of the crime of involuntary deviate sexual intercourse beyond a reasonable doubt. Accordingly, we affirm the judgment of sentence.

The appellant's appeal from the discretionary aspects of his sentence is dismissed, and the judgment of sentence is affirmed.

HOFFMAN, J., concurs in the result.