573 A.2d 599

**COMMONWEALTH of Pennsylvania**

v.

**David Earl OUSLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 30, 1989.

Filed April 18, 1990.

three-quarters of block. In the case before us, evidence of rapid acceleration or speed is conspicuously absent.

James E. Goodwin, Asst. Public Defender, Sharon, for appellant.

Lorinda L. Hinch, Asst. Dist. Atty., Mercer, for Com., appellee.

Before CIRILLO, President Judge, and ROWLEY and MONTEMURO, JJ.

ROWLEY, Judge:

This is an appeal by David Ousley from a judgment of sentence of two to ten years imprisonment imposed following appellant's guilty plea to attempted burglary. The only issue raised on appeal concerns the discretionary aspects of sentencing. We deny appellant's petition for permission to appeal.

Appellant's Rule 2119(f) Statement asserts that there is a substantial question that his two to ten year sentence contravenes the Sentencing Code 1) because the court relied upon matters (unspecified) not properly before it at sentencing, and 2) because "said sentence is not only beyond the standard range of the sentence guidelines, but is also well beyond the aggravated range of the guidelines applicable for appellant and is not specifically tailored to the nature of the offense, the ends of justice and society and the rehabilitative needs of the appellant." (Appellant's brief at 5.)

■ The first of these reasons cannot be relied upon to support the petition for permission to appeal because it was not raised in appellant's motion to modify sentence and therefore has been waived. Pa.R.Crim.P. 1410; *Commonwealth v. Dorman*, 377 Pa.Super. 419, 547 A.2d 757 (1988). Even if the issue were not waived, however, it would warrant no relief because appellant has totally failed to articulate in his 2119(f) statement any factors which the trial court relied upon which allegedly were not before it. See *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385 (1989).

■ The second reason advanced by appellant to support his petition for permission to appeal fails to raise a substantial question. To determine whether or not to grant permission to appeal from the discretionary aspects of sentencing, there must be a substantial question that the sentence is not appropriate under the "entire Sentencing Code." 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Although it is correct that the sentencing court must consider the applicable guidelines, *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), they are only one factor of many which the sentencing court must consider. To determine whether there is a substantial question warranting permission to appeal from the discretionary aspects of sentencing, we must ascertain if the Sentencing Code *as a whole* has been compromised.

In *Williams, supra,* the court found that appellant had failed to raise a substantial question in her 2119(f) statement where the statement did not include any "specific, articulable reasons why her sentence raises doubts that the sentencing scheme as a whole has been compromised." *Id.,* 386 Pa.Super. at 326, 562 A.2d at 1388.

■ In the instant case, appellant's statement asserts no specific, articulable *reasons* why his sentence compromises the sentencing code. On the contrary, appellant's statement includes only the bald averment that the sentence

exceeds the guidelines and the conclusion which he would like us to reach: that the sentence "is not specifically tailored to the nature of the offense, the ends of justice and society and the rehabilitative needs of the appellant." Appellant has failed to advise us, either in his 2119(f) statement or anywhere else in his brief on appeal, what the applicable guideline range is, and he has articulated absolutely no facts to support the conclusion that the sentence is not appropriately tailored to the crime, his needs, and society's needs. The Supreme Court in *Tuladziecki,* and the Superior Court in the cases decided thereafter, e.g., *Commonwealth v. Losch,* 369 Pa.Super. 192, 535 A.2d 115 (1987), *Williams, supra,* have made it clear that appeals from the discretionary aspects of sentencing are not to be granted as a matter of course, but are to be granted only in *exceptional* cases where it can be shown in the 2119(f) statement that despite the "multitude of factors impinging on the sentencing decision," the sentence imposed contravenes the sentencing code. *Tuladziecki, supra,* 513 Pa. at 513, 522 A.2d at 20. Because appellant has failed to articulate any specific reasons why his case is one of those extraordinary ones in which we should grant review, we find that he has failed to raise a substantial question.

In addition, Appellant's conclusory assertion in the 2119(f) statement that the sentence exceeded the guidelines, without more, does not raise a substantial question. The statute provides that although the trial court must consider the guidelines, the trial court is free to sentence a defendant outside the guidelines, and the only limitation on such an exercise of the sentencing court's discretion is that the court include a statement of reasons why it is deviating from the guidelines. 42 Pa.C.S. § 9721(b). Thus, the mere fact that a person is sentenced outside the guidelines, without any suggestion of how much the sentence imposed exceeded the guidelines, without any averment that the trial court failed to state any reasons for going outside the guidelines, and without any assertion that the court relied upon any inappropriate reasons for sentencing outside the

guidelines, does not raise a substantial question that the sentencing code has been compromised because the sentencing court is authorized to sentence outside the guidelines.

The Dissent's assertion that "[t]he contention that the judge exceeded the applicable guideline recommendation raises a substantial question justifying the use of our discretionary appellate jurisdiction" appears to create a bright line test for determining when a substantial question has been asserted. No authority which has been cited to us establishes such a clear bench mark for establishing a substantial question, and the cases relied upon by the dissent do not support the conclusion that the *mere* averment of a sentence outside the guidelines, without more, raises a substantial question.

In *Commonwealth v. Sanchez*, 372 Pa.Super. 369, 539 A.2d 840 (1988) (en banc), *aff'd. per curiam*, 522 Pa. 153, 560 A.2d 148 (1989), relied upon by the Dissent, appellant received a total sentence of ten to twenty-five years imprisonment. He sought review of the discretionary aspects of his sentence *because the trial court had failed to state appropriate reasons for deviating from the guidelines* and because the sentence allegedly was so harsh inasmuch as it was nearly twice as long as the maximum minimum sentence under the guidelines (five years, seven months). The Court concluded that "under these circumstances," appellant had raised a substantial question. *Id.*, 372 Pa.Superior Ct. at 372, 539 A.2d at 841.

*Commonwealth v. Burdge*, 386 Pa.Super. 194, 562 A.2d 864 (1989), which the Dissent also relies upon, fails to support the conclusion that the mere "contention that the judge exceeded the applicable guideline recommendation raises a substantial question." In *Burdge*, the appellant was sentenced to a total of 13½ to 27 years imprisonment,[1]

---

1. The opinion in *Burdge* is silent as to what the prior or proposed guideline recommendation applicable to appellant would have been. In addition, the opinion does not indicate what appellant's prior record score was, although the opinion recites that the presentence investigation provided information about appellant's "criminal record." Without precise information concerning appellant's prior

and challenged the discretionary aspects of sentencing by questioning, inter alia, whether the sentence imposed was excessive in light of the underlying crimes. Upon considering the question of whether this raised a substantial question, the Court cited *Sanchez*, noted that the guidelines were inapplicable to appellant, and stated: "the sentence imposed *considerably exceeded* the recommendation of both the prior and pending sentencing guidelines. *Therefore,* we find that the propriety of the sentence presents a substantial question." *Id.,* 386 Pa.Superior Ct. at 198, 562 A.2d at 866 (emphasis added). The only other reference made by the Court in *Burdge* regarding the relationship of the prior and proposed guidelines to the sentence which was imposed was that "the trial court sentenced him *significantly in excess* of prior and pending sentencing guidelines." *Id.,* 386 Pa.Superior Ct. at 196, 562 A.2d 865 (emphasis added).

In the instant case, appellant's sentence exceeds the guidelines by six months. We find this differential to be significantly different than the almost four and one-half year differential in *Sanchez*. Also, applying the language of the Court in *Burdge*, we do not find the 24 month minimum sentence actually imposed in the instant case to be either "significantly" or "considerably" in excess of the maximum guideline recommendation of 18 months imprisonment. Because the finding of a substantial question in both *Sanchez* and *Burdge* was premised on the amount by which the sentence imposed exceeded the maximum guideline recommendation, and in neither case was a substantial question found simply because appellant had asserted that the sentence exceeded the guidelines, we conclude that the Court has not established a per se rule that the bald assertion that one's sentence is outside the guideline recommendation raises a substantial question that the sentence imposed contravenes the sentencing code.

record score, we cannot calculate what the applicable prior and prospective guideline ranges were in *Burdge,* and therefore we also cannot determine precisely how much in excess of the prior and proposed guidelines appellant's actual sentence was.

The Commonwealth argues that we should deny the petition for permission to appeal based on *Commonwealth v. Ziegler,* 379 Pa.Super. 515, 550 A.2d 567 (1988), (petition for permission to appeal denied for failure to include in the Statement of Reasons the identity of the crime of which appellant was convicted) because appellant has failed to include in his 2119(f) statement the identity of the crime for which he was sentenced. However, we find it more appropriate instead to follow the analysis adopted by the Court en banc in *Williams,* which was also a case in which the identity of the crime was not mentioned in the 2119(f) Statement.

The Dissent faults us as being "disingenuous" for following *Williams* and avoiding what it perceives to be the "exceedingly simplistic" resolution of the instant appeal. Yet to reach that "exceedingly simplistic" resolution would require us to reach out and resolve an issue unnecessary for the disposition of the case before us, would require us to infer from *Williams* that which was not decided therein, and would require deviating from the analysis that was used by the Court in *Williams.*

In *Williams,* despite the fact that the Court ordered the parties to address *Ziegler* and *Commonwealth v. Cummings,* 368 Pa.Super. 341, 534 A.2d 114 (1987), upon which *Ziegler* relied, in their briefs before the Court en banc, neither party did so. In addition, at oral argument before the Court en banc, the issue of *Ziegler* and *Cummings* was never addressed by either the Court or the parties. Because it was possible to decide *Williams* without reference to either *Ziegler* or *Cummings,* the Court en banc did not address the continuing viability of either of those cases. Considering this history of *Williams,* as well as the fact that the instant case is factually similar to *Williams* insofar as appellant's statement of reasons is woefully inadequate to assert a substantial question because it fails to articulate any specific facts, because it asserts as reasons for granting permission to appeal only the conclusions which appellant wants us to reach, and because it does not identify why

this is one of the exceptional cases in which an appeal should be granted, we will neither infer from *Williams* that *Ziegler* or *Cummings* has been overruled *sub silentio*, nor will we undertake to address those cases here where it is unnecessary to do so in order to dispose of the appeal.

Petition for permission to appeal denied.

MONTEMURO, J., files a dissenting opinion.

MONTEMURO, Judge, dissenting:

I disagree with the majority's decision to deny appellant permission to appeal the discretionary aspects of his sentence because the majority concluded that he failed to raise a substantial question regarding the propriety of that sentence. I would find that appellant raised a substantial question, and that he failed to show a manifest abuse of discretion by the sentencing judge. Rather than denying permission to appeal, I would affirm the judgment of sentence.

Appellant pled guilty to attempted burglary, a felony of the second degree. The offense has a gravity score of four, and appellant's prior record score is three. The sentencing guidelines recommend a minimum sentence of twelve to eighteen months in the aggravated range. *See* 204 Pa.Code ch. 303, *reprinted at,* 42 Pa.C.S.A. § 9721. The trial court sentenced appellant to a prison term in state prison of two years to ten years. Appellant's sole contention on appeal is that the sentence is manifestly excessive in length.

This is a challenge to the discretionary aspects of sentencing. An appellant who challenges a discretionary aspect of sentencing must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence. *See* Pa.R.A.P. 2119(f). *See also Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Contrary to the finding by the majority on this issue, I would find that appellant has complied with this requirement.

In his brief, on a separate page appearing before the summary of his argument, appellant has included the following "statement of the reasons relied upon for allowance of appeal:"

The appellant, by and through his attorney, believes a substantial question is involved concerning the legality of his sentence because the court below erred in imposing a period of imprisonment of not less than two nor more than ten years in a state penal institution on the appellant, because the court below relied upon matters not properly before it in sentencing appellant, and because said sentence is not only beyond the standard range of the sentence guidelines, but is also well beyond the aggravated range of guidelines applicable for appellant and is not specifically tailored to the nature of the offense, the ends of justice and society and the rehabilitative needs of the appellant.

It could be argued that pursuant to *Commonwealth v. Ziegler*, 379 Pa.Super. 515, 516–17, 550 A.2d 567, 568 (1988) appellant failed to properly set forth his reasons for allowance of appeal because he omitted from the statement the identity of the crime from which the sentence stems. The *Ziegler* court relied entirely on *Commonwealth v. Cummings*, 368 Pa.Super. 341, 534 A.2d 114 (1987). *See* 379 Pa.Super. at 517, 550 A.2d at 568. Under *Ziegler* and *Cummings* the Commonwealth's argument would control.

Recently, however, in *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385 (1989) an *en banc* panel of this court declined to follow the clear dictates of *Ziegler* and *Cummings*. Judge Rowley, in his unanimous opinion,[1] quoted the entire "statement of reasons why appeal should be granted." *Id.,* 386 Pa.Superior Ct. at 324–27, 562 A.2d at 1387–88. The appellant in *Williams* did not include the crime for which she was convicted. Instead of dismissing the appeal for that reason alone, as *Ziegler* and *Cummings* would require, Judge Rowley considered the statement in its entirety. *Id.,* 386 Pa.Superior Ct. at 326–28, 562 A.2d at 1388. He then concluded that the statement did not include

1. Judge Tamilia concurred in the result.

"any specific articulable reasons why [appellant's] sentence raises doubts that the sentencing scheme as a whole has been compromised." *Id.*, 386 Pa.Superior Ct. at 326, 562 A.2d at 1388.

Judge Rowley, in his majority memorandum in this case, holds that *Williams* did not overrule *Ziegler* and *Cummings* because there was an alternate basis for denying permission to appeal in *Williams.* Op. at 552–553 (citing *Williams, supra* at 326–28, 562 A.2d at 1388). I find it somewhat disingenuous for a court to claim that it will apply the foregoing standard to determine whether a claim is raised, when it could dismiss on an exceedingly simplistic basis; that is, the appellant did not include the crime for which there was a conviction in the Rule 2119(f) statement. That the *Williams* court could have denied permission to appeal on the basis of the appellant's failure to include the crime in his Rule 2119(f) statement, indicates to me that the court no longer had faith in the standard that was more concrete and easier to apply. Similarly, Judge Rowley's decision to apply the *Williams* standard in this case rather than denying permission to appeal under *Ziegler* and *Cummings* draws into question the continuing vitality of *Ziegler* and *Cummings.*

Judge Rowley concludes that, independent of his failure to include the crime for which he was convicted, appellant failed to meet the "specific, articulable reasons why her sentence raises doubts that the sentencing scheme as a whole has been compromised" standard. I disagree. Even if the rule from *Ziegler* and *Cummings* were still good law, I would ignore it, because appellant has otherwise raised a substantial question justifying our review of his sentencing claims.

Appellant's Rule 2119(f) statement includes two allegations. First, appellant alleges that the trial court relied upon matters not properly before it.[2] Second, appellant

---

**2.** Appellant did not raise this claim in his post-trial motion to modify sentence. The issue is therefore waived. *Commonwealth v. Brown,* 288 Pa.Super. 171, 175, 431 A.2d 343, 345 (1981) (claim that judge did

contends that the sentence is well beyond the sentencing guideline's recommended aggravated range. The second issue was raised in appellant's motion to modify sentence, and is preserved for this appeal. The contention that the judge exceeded the applicable guideline recommendation raises a substantial question justifying the use of our discretionary appellate jurisdiction. *Commonwealth v. Burdge*, 386 Pa.Super. 194, 197–99, 562 A.2d 864, 866 (1989) (claim that sentence considerably exceeded recommended sentence raises a substantial question) (citing *Commonwealth v. Sanchez*, 372 Pa.Super. 369, 372–73, 539 A.2d 840, 841 (1988) (en banc) (claim that sentence more than doubled guideline range raised a substantial question) *aff'd per curiam*, 522 Pa. 153, 560 A.2d 148 (1989)).

Judge Rowley finds that appellant did not articulate a reason that the sentencing procedure as a whole had been compromised by stating that the judge sentenced him outside of the guideline range, because he reads *Sanchez* and *Burdge* to require that the sentence imposed "considerably exceed" the sentencing guidelines in order to raise a substantial question. While I recognize that trial courts, as well as trial counsel, are frequently called upon to apply vague standards enunciated by appellate courts, to appropriately, consistently and fairly apply Judge Rowley's newly invented "considerably exceed[ed]" standard is not only a formidable task, but in my view impossible. In the instant case, the sentence was six months greater than the eighteen month recommended minimum in the aggravated range. Reasonable minds could certainly disagree on the question of whether the amount by which appellant's sentence exceeded the guideline range was considerable for purposes of the new standard.[3] If the guidelines recommended no incarceration, would a six month sentence considerably exceed the recommended range? I would instead follow the

not sufficiently set forth his reasons for sentence not preserved because it was not included in the motion to modify sentence).

**3.** We do not even know, from reading *Commonwealth v. Burdge, supra*, the amount by which appellant's sentence in that case exceeded the guideline recommendation.

clear dictates of *Burdge* and *Sanchez*, and I would conclude that the allegation that the sentence imposed is outside the guideline range poses a substantial issue permitting us to grant permission for allowance to appeal.[4]

We must not lose sight of our task in these cases. The analysis over which members of this panel disagree is not whether appellant is entitled to relief in the form of vacating his sentence. Instead, our quarrel is over whether to give appellant a forum in which to raise his sentencing claims. I do not read Rule 2119(f) or 42 Pa.C.S.A. § 9781 or *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) to require the kind of hair splitting the majority seeks to engage in. I would conclude that appellant raised a substantial question regarding the trial court's exercise of discretion in sentencing appellant.

Since I reach the foregoing conclusion, I will now proceed with an examination of the merits of appellant's allegation that the trial judge abused his discretion in imposing his sentence. Such an examination is limited, and this court will reverse only when a manifest abuse of the trial court's discretion is shown. *Commonwealth v. White*, 341 Pa.Super. 261, 270, 491 A.2d 252, 257 (1985).

The sentence imposed here exceeds the guidelines recommended range, and for that reason appellant contends that the sentence is manifestly excessive. Pursuant to 42 Pa.C.

---

**4.** The majority makes light of the impact that the guidelines have on the sentencing scheme. I disagree with such a characterization. While the guidelines are only one factor to be considered by the sentencing court, they are indeed a substantial factor to be considered. The legislature considered the guidelines important enough to require that they be consulted when fashioning the sentence, and to require a statement of reasons on the record for deviating from the guidelines whenever the judge decided to sentence outside of the guidelines. If these procedures are not followed the sentence imposed must be vacated. 42 Pa.C.S.A. § 9721(b). Also, the legislature made it grounds for vacating a sentence if the judge misapplied the guidelines, 42 Pa.C.S.A. § 9781(c)(3). The guidelines were promulgated to inject a certain amount of uniformity in sentences imposed by courts of this Commonwealth. While courts may deviate from the guidelines, they may do so only under certain circumstances. I see no reason to not make those circumstances subject to this court's review when the appellant challenges them on appeal.

S.A. § 9781(c)(3) unless this court concludes that a sentence exceeding the guidelines is unreasonable, we are required to affirm. Section 9781(d) requires that, in reviewing the record, this court "shall have regard for (1) the nature and circumstances of the offense and the history and character- istics of the defendant. (2) The opportunity of the sentenc- ing court to observe the defendant, including any presen- tence investigation. (3) The findings upon which the sen- tence was based. (4) The guidelines promulgated by the commission."

The record reflects that the trial judge properly con- sidered the circumstances of the case, and the history of the defendant. He gave substantial weight to appellant's con- victions or juvenile adjudications that were not reflected in the guidelines.

The judge also based his decision on many other findings in the record that legitimately support a conclusion that greater punishment is deserved and required. Appellant attempted to flee from the jurisdiction when he learned that the police were looking for him in connection with the attempted burglary, to which appellant pled guilty. At the time of his arrest appellant possessed a gym bag full of the tools of a professional burglar. Appellant's girlfriend testi- fied that appellant beat her, and threatened her life; charges that appellant did not deny, but chose not to discuss with the judge at the sentencing hearing. As a result of all of his trouble with the law, and because much of it stems from appellant's abuse of alcohol, appellant was required to attend several alcohol rehabilitation programs, yet the judge determined that appellant has shown no effort to change his habits. *See Commonwealth v. Darden,* 366 Pa.Super. 597, 606, 531 A.2d 1144, 1150 (1987) (unincorpo- rated criminal history, and victimization of young woman are substantial aggravating factors). In light of the trial judge's consideration of all of these facts, I could not conclude that he abused his discretion in fashioning appel-

lant's sentence.   I would therefore affirm the judgment of sentence.