J-A27014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARK ALLEN BLEVINS :
:
Appellant : No. 1060 EDA 2019

Appeal from the Judgment of Sentence Entered January 31, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000079-2018

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                                    Filed: March 20, 2020

Mark Allen Blevins appeals from the January 31, 2019 judgment of sentence imposed following his convictions for aggravated indecent assault of a child, criminal attempt—aggravated indecent assault, unlawful restraint of a minor, corruption of minors, indecent assault—complainant less than thirteen, and indecent exposure.  We affirm.

Appellant's convictions relate to a series of sexual assaults he committed upon a minor child (the "victim") over an indeterminate period of time between January 2016 and November 2017.  Appellant was a close friend and neighbor of the victim's family, and the victim spent significant amounts of time in Appellant's home during this time period.  After the victim's family moved away from the immediate area, the victim disclosed that Appellant had

_____

[*] Retired Senior Judge assigned to the Superior Court.

utilized these family visits as an opportunity to sexually assault her on multiple occasions. Specifically, the victim alleged that Appellant (1) touched and digitally penetrated her vagina; (2) exposed his penis to her; and (3) unsuccessfully compelled her to touch his penis.

Appellant was convicted at a jury trial, and was sentenced to an aggregate period of incarceration of 159 months to 360 months at all counts. On January 31, 2019, after evaluation by a member of the Sexual Offenders Assessment Board ("SOAB") and a hearing, the trial court adjudged Appellant to be a sexually violent predator ("SVP"). Appellant filed post-trial motions preserving the claims raised in this appeal, which were denied by the trial court. Appellant filed a timely notice of appeal. Thereafter, the trial court directed Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), Appellant timely complied, and the trial court filed a Rule 1925(a) opinion.

Appellant has raised the following claims for our disposition:

1. Whether the Commonwealth sustained its burden of proof beyond a reasonable doubt relative to the charges for which [Appellant] was convicted?

2. Whether the sentence imposed by the trial court was excessive and utterly harsh and oppressive?

3. Whether the Commonwealth sustained its burden of proof by clear and convincing evidence that [Appellant] is a sexually violent predator?

Appellant's brief at 8.

As styled, Appellant purports to challenge the sufficiency of all of the elements of his underlying convictions. However, the arguments as presented in his brief are confined to allegations that the Commonwealth failed to adduce sufficient evidence of: (1) the date and time of the offenses, generally, **see** Appellant's brief at 19-20; (2) "penetration" as to aggravated indecent assault of a child, **id**. at 17, 20; (3) "restraint" with respect to unlawful restraint of a minor, **id**. at 18; (4) likelihood of corruption as to corruption of a minor, **id**. at 18-19; and (5) likelihood to offend with respect to indecent exposure. **Id**. at 19. We will address these claims *seriatim*.[1]

Our Supreme Court has discussed our standard and scope of review in this context as follows: "[W]ith respect to our sufficiency review, our standard of review is *de novo*, however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." **Commonwealth v. Rushing**, 99 A.3d 416, 420-21 (Pa. 2014). We also note at the outset that "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt relying wholly on circumstantial evidence," and that "[b]oth direct and circumstantial

---

[1] To the extent that Appellant seeks to advance other sufficiency arguments, those claims are waived pursuant to Pa.R.A.P. 2119(a). **See Commonwealth v. Kearney**, 92 A.3d 51, 66-67 (Pa.Super. 2014) (holding issue waived under Rule 2119(a) where "Appellant fails to develop an argument in support of his claim, or to provide pertinent citation to authority").

evidence must be considered equally when assessing the sufficiency of the evidence." *Commonwealth v. Davalos*, 779 A.2d 1190, 1193 (Pa.Super. 2001). Finally, "any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Rodriguez*, 141 A.3d 523, 525 (Pa.Super. 2016).

Much of the evidence presented by the Commonwealth in this case revolved around the averments of the victim, including an in-camera interview with Tina Green of the Northeastern Pennsylvania Children's Advocacy Center ("CAC") and her direct testimony at trial. Direct testimony was also adduced from the victim's mother, Appellant, and Appellant's wife. The Commonwealth also presented expert testimony from Ann Cook, a clinical social worker who was not personally involved in the case, and Dr. Marla Farrell, the pediatrician who examined the victim as part of her assessment at the CAC.

Appellant's first sufficiency claim alleges that the Commonwealth did not offer enough evidence of the chronological specifics of the at-issue sexual assaults. *See* Appellant's brief at 19 ("[T]here is little, if any, definition of time, date, place, month or year relative to any of the charges and the proof necessary for conviction."). On this point, Appellant cites precedent wherein our Supreme Court has held that a failure of the Commonwealth to situate the date of an alleged crime with "reasonable certainty" can create due process

concerns by hamstringing a defendant's ability to prepare a defense. *See Commonwealth v. Devlin*, 333 A.2d 508, 513-16 (Pa. 1975).

In applying *Devlin*, this Court has explicitly stated that "for purposes of a *Devlin* claim, the Commonwealth must be allowed a reasonable measure of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child." *Commonwealth v. Groff*, 548 A.2d 1237, 1242 (Pa.Super. 1988). Furthermore, this Court provides the Commonwealth even greater license in this respect when it is dealing with ongoing offenses that occur over a long period of time. *Id*. ("[T]he Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct."). As Appellant's own brief acknowledges, a child victimized in this fashion cannot be expected to remember each and every date upon which she was victimized, particularly where the events are numerous and occur over an extended period of time. *See Commonwealth v. Niemetz*, 422 A.3d 1369, 1373 (Pa.Super. 1980) ("[W]e do not believe that it would serve the ends of justice to permit a person to . . . sexually abuse [a] child with impunity simply because the child has failed to record in a daily diary the unfortunate details of her childhood."); *see also* Appellant's brief at 17.

Viewing the temporal evidence and allegations presented by the Commonwealth through this deferential lens, Appellant's claim is meritless. The Commonwealth consistently provided Appellant with a discrete time frame

in which the sexual assaults were alleged to have occurred, namely, between January 2016 and November 2017. *See* Criminal Complaint, 1/3/18, at unnumbered 2-3; *see also* Information, 4/3/18, at unnumbered 1-3. This range corresponds with the victim's testimony, which indicates that she was subjected to repeated assaults by Appellant during this same time period. *See* N.T. Trial, 11/6/18, at 60-69; *see also* N.T. Interview, 12/4/17, at 15-16, 40-41. The Commonwealth also offered expert testimony from Ms. Cook, explaining that children as young as the victim have a diminished understanding of time, meaning that disclosures such as these are often not precise. *See* N.T. Trial, 11/6/18, at 102-03. Furthermore, the witnesses presented by both the Commonwealth and Appellant focused their testimony on the same time period described by the victim. *Id*. at 162-63; *see also* N.T. Trial, 11/7/18, at 20-35, 41-44, 58-68, 83.

Critically, Appellant has failed to demonstrate how the alleged lack of specificity in the Commonwealth's allegations prejudiced his ability to defend himself. In light of the particular circumstances of this case, the evidence discussed above was sufficient to provide a reasonably certain time frame to permit Appellant to prepare a defense. *Accord Groff*, *supra* at 1242; *Niemetz*, *supra* at 1373. No relief is due on this claim.

Appellant's second sufficiency argument concerns his conviction for aggravated indecent assault of a child. *See* 18 Pa.C.S. § 3125(b). A person violates this statute when he engages in "penetration, however slight, of the

genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures" where the complainant is younger than 13 years of age. *See* 18 Pa.C.S. § 3125(b). Specifically, Appellant avers that the Commonwealth failed to demonstrate that the victim was "penetrated" as defined by the statute.

The definition of indecent aggravated assault of a child requires that "penetration, however slight" occur. 18 Pa.C.S. § 3125(b). This Court has held that the "uncorroborated testimony of a prosecution witness" is sufficient to establish that penetration occurred. ***Commonwealth v. Ziegler***, 550 A.2d 567, 569 (Pa.Super. 1988), *abrogated on separate grounds* ***Commonwealth v. Goggins***, 748 A.2d 721, (Pa.Super. 2000 "[L]ike any element of an offense, penetration can be proven with circumstantial evidence." ***Id.***

The Commonwealth initially addressed this element of aggravated indecent assault at trial by presenting expert testimony from Dr. Farrell, who testified that children as young as the victim have an imperfect understanding of the mechanics of sexual contact. ***See*** N.T. Trial, 11/6/18, at 148-49 ("It is a very difficult concept for a little girl . . . to understand, because children of [the victim's] age are sexually naïve. They have no sexual experience. So, the concept of penetration is something they . . . have no basis of understanding for."). Dr. Farrell testified that children of the victim's age will often alternatively describe penetration as pain, or feeling like they need to "use the bathroom." ***Id***. at 149-50. Farrell also testified regarding his

physical examination of the victim. *Id*. at 145-50, 155. During the exam, Dr. Farrell stated that the victim's responses to his questions indicated Appellant had penetrated her labia during at least one of the assaults. *Id*. at 146.

Thereafter, the victim testified both in-camera and at trial that Appellant used his fingers to "hurt" her vagina, and that he was trying to "get in." *See* N.T. Interview, 12/4/17, at 35-36; *see also* N.T. Trial, 11/6/18, at 59. She also testified that the assaults made her feel like she "had to go to the bathroom."[2] *See* N.T. Interview, 12/4/17, at 29-30. Although the victim never directly testified that Appellant had engaged in "penetration," her testimony was consistent with Dr. Farrell's expert opinions regarding the inability of children as young as the victim to grasp that concept.

Furthermore, Dr. Farrell testified that the victim's responses during the physical examination were indicative of a slight penetration of the labia having occurred. "It is clearly established that there is no requirement that penetration reach the vagina, or farther reaches of the female genitalia." *Commonwealth v. Trimble*, 615 A.2d 48, 50 (Pa.Super. 1992). Rather, our case law indicates that "entrance in the labia is sufficient" to establish "penetration, however slight." *Commonwealth v. Ortiz*, 457 A.2d 559, 560-61 (Pa.Super. 1983).

---

[2] The victim's mother similarly testified that the victim told her that Appellant would "press really hard" on her genitals during the assaults, which made the victim feel like she "had to pee." *See* N.T. Trial, 11/6/18, at 169, 204.

Giving the Commonwealth every benefit of doubt, we conclude that this evidence was sufficient to permit a "reasonable inference" that Appellant engaged in "slight" penetration of the victim's genitals within the meaning of § 3125(b).  Thus, Appellant's second sufficiency claim fails.

Appellant's third argument sounding in sufficiency asserts that the Commonwealth failed to produce sufficient evidence that Appellant "restrained" the victim under the meaning of 18 Pa.C.S. § 2902 (providing that a person violates this statute by restraining a minor who is not their child "in circumstances exposing him to risk of serious bodily injury").  While Appellant claims that the Commonwealth did not provide any evidence of restraint, this argument is belied by the victim's testimony during her in-camera interview that Appellant would hold her down with one hand, while assaulting her with his other hand.  **See** N.T. Interview, 12/4/17, at 20, 23 (the victim testifying that Appellant held her down and would not let her leave).  As such, this claim is without merit.

Appellant has also challenged his conviction for corruption of a minor, arguing that the Commonwealth did not sufficiently demonstrate that his actions corrupted the victim's morals.  **See** 18 Pa.C.S. § 6301(a)(1)(ii) (providing that anyone 18 years or older violates this statute when he engages in "any course of conduct" that "corrupts or tends to corrupt the morals of any minor less than 18 years of age").  In this context, "[a]ctions that tend to corrupt the morals of a minor are those that 'would offend the common sense

of the community and the sense of decency, propriety and morality which most people entertain.'" ***Commonwealth v. Snyder***, 870 A.2d 336, 351 (Pa.Super. 2005) (quoting ***Commonwealth v. DeWalt***, 752 A.2d 915, 918 (Pa.Super. 2000)).

This Court has repeatedly held that the Commonwealth presents sufficient evidence of corruption of minors where there is evidence that the defendant sexually assaults the minor. ***See Commonwealth v. Leatherby***, 116 A.3d 73, 82 (Pa.Super. 2015) (finding sufficient evidence of corruption of minor where the Commonwealth presented evidence "demonstrating extensive physical, sexual, and emotional abuse"); ***see also Commonwealth v. Miller***, 657 A.2d 946, 949 (Pa.Super. 1995) (finding sufficient evidence of corruption of minor where "the Commonwealth presented evidence that appellant improperly fondled victim on a regular basis for approximately one year"). Instantly, the Commonwealth adduced evidence that Appellant sexually assaulted the victim numerous times over a nearly two-year period. This evidence was sufficient to establish a likelihood of corruption under § 6301, and Appellant's sufficiency challenge is meritless.

Appellant's final sufficiency challenge asserts that the Commonwealth did not adequately establish that exposing his penis to the victim was "likely to offend, affront, or alarm" pursuant to 18 Pa.C.S. § 3127(a) ("Indecent exposure."). Instantly, the victim testified that Appellant showed her his exposed penis and implored her to touch it on at least one occasion. ***See*** N.T.

Interview, 12/4/17, at 30-31; **see also** N.T. Trial, 11/6/18, at 62-63. This Court has held that such evidence is sufficient to support a conviction for indecent exposure. **See Commonwealth v. Bishop**, 742 A.2d 178, 190 (Pa.Super. 1999) (holding evidence that the defendant exposed his penis and encouraged minor child to touch it supported conviction for indecent exposure). As such, Appellant's claim must fail. **Id**.

In his next issue, Appellant asserts that the sentence imposed by the trial court was "utterly harsh and oppressive." Appellant's brief at 22. In particular, Appellant claims that the trial court's use of consecutive sentence terms for multiple convictions has resulted in an excessive sentence. **Id**. This issue implicates the discretionary aspects of Appellant's sentence. **See Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa.Super. 2010).

It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal. **Id**. Rather, a petitioner must invoke the jurisdiction of this Court by: (1) filing a timely notice of appeal; (2) preserving the issue at sentencing or in a post-sentence motion; (3) including a statement of reasons in their brief pursuant to Pa.R.A.P. 2119(f); and (4) presenting a "substantial question" that the sentence appealed from is inappropriate under the Pennsylvania Sentencing Code. **Id**.

Instantly, Appellant submitted a timely notice of appeal and properly preserved his sentencing challenge before the trial court. Appellant has not attached a Rule 2119(f) statement to his brief, but the Commonwealth has

not objected to this oversight. Therefore, we may continue with our assessment of the merits of Appellant's claim. *See Commonwealth v. Wilson*, 829 A.2d 1194, 1198 n.4 (Pa.Super. 2003) (citing *Commonwealth v. Medley*, 725 A.2d 1225, 1228 n.8 (Pa.Super. 2003)).

Even overlooking Appellant's failure to include a Rule 2119(f) statement in his brief, we conclude that Appellant has not raised a substantial question. As a general matter, "[t]he imposition of consecutive as opposed to concurrent sentences is solely within the discretion of the trial court, and does not in and of itself even rise to the level of a substantial question." *Commonwealth v. Johnson*, 873 A.2d 704, 709 (Pa.Super. 2005). Instantly, Appellant's arguments allege that the imposition of consecutive sentences has rendered Appellant's sentence excessive, without any other supporting factual or legal argument. *See* Appellant's brief at 22-24. Thus, this claim fails. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super. 2013) ("[A] bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.").

Appellant's final claim challenges the trial court's determination that Appellant is an SVP. Appellant's discussion of this issue is truncated, spanning a mere half-page and with only a single citation to legal authorities. *See* Appellant's brief at 25. In relevant part, Appellant argues that: (1) Appellant should not have been determined to be an SVP pursuant to the factors listed at 42 Pa.C.S. § 9799.58(b)(1); and (2) the trial court's determination violated

*Commonwealth v. Butler*, 173 A.3d 1212 (Pa.Super. 2018), which found that the SVP determination process utilized under Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA I") was unconstitutional. *See* 42 Pa.C.S. § 9799.24.

Appellant's first allegation concerns the fourteen factors listed at § 9799.58(b)(1), which are considered as part of the SVP determination process that our General Assembly has adopted to replace that promulgated under SORNA I. The SOAB member that assessed him concluded that seven of the fourteen factors augured in favor of determining that Appellant was an SVP. *See* N.T. Sentencing, 1/31/19, at 17-21. Appellant's argument mistakenly asserts that there were more "negative" findings than "positive" findings. This is simply not accurate based on our review of the transcript.[3] This factual discrepancy, alone, is fatal to this claim.

Even assuming, *arguendo*, that Appellant's assessment **had** concluded that more findings were "negative" than "positive," this claim would still be without merit. Appellant's argument mistakenly characterizes these fourteen factors as the only relevant point of inquiry in SVP determinations. However, the statute explicitly provides that an SVP assessment "shall include, **but not**

---

[3] We note that the SOAB member incorrectly conceded during his testimony that Appellant's assessment contained more "negative" than "positive" findings of SVP status. *See* N.T. Sentencing, 1/31/19, at 21-22. However, reviewing the SOAB member's testimony in totality, she stated that the factors at 42 Pa.C.S. §§ 9799.58(b)(1)(iii)-(v), (vii), (3)(i), (iii)-(iv), supported finding that Appellant constitutes an SVP. *Id*. at 18-22.

**be limited to**" the aforementioned factors. 42 Pa.C.S. § 9799.58(b) (emphasis added). Furthermore, 42 Pa.C.S. § 9799.58(b)(4) also permits an assessor to include other, unspecified "[f]actors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense." Appellant's argument is predicated upon a fundamental misunderstanding of SVP determinations. *See* N.T. Sentencing, 1/31/19, at 21 (SOAB member testifying that: "We don't add up the factors for this. [W]hat we look at with each of the factors is how it does relate to that mental abnormality or personality disorder. So, it's not a totality of the factors."). No relief is due on this claim.

In his final claim, Appellant has challenged his SVP determination pursuant to this Court's holding in *Butler*. Appellant's entire argument on this point spans just two sentences and immediately follows Appellant's discussion concerning the § 9799.58(b) factors: "Added to that contention is this Court's determination in [*Butler*]. The SVP determination should not be allowed to stand." Appellant's brief at 25. This argument is woefully deficient, and does not discuss any of the relevant legal issues attendant to such a complex, constitutional claim for relief.

This Court's holding in *Butler* was made with respect to the SVP determination process included as part of SORNA I, and relied explicitly upon the Supreme Court's holding in *Commonwealth v. Muniz*, 164 A.3d 1189, 1193 (Pa. 2017), wherein SORNA I was found to be "punitive" pursuant to the

seven-factor test set forth by the U.S. Supreme Court in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144 (1963).  Applying **Muniz** in conjunction with **Alleyne v. U.S.**, 570 U.S. 99, 104 (2013) ("Any fact that, by law, increases the penalty for a crime that is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."), we concluded that SORNA's SVP determination process was unconstitutional because "it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Butler**, **supra** at 1218.

We discern that Appellant is attempting to directly extrapolate the holding in **Butler** to the present circumstances, without any relevant explanation or argument.  Ultimately, Appellant's brevity is his undoing.  As noted above, the General Assembly has adopted a new statutory scheme to replace SORNA I and respond to the concerns identified in both **Muniz** and **Butler**.  **See** 42 Pa.C.S. §§ 9799.10, *et al*. ("SORNA II").  Appellant does not acknowledge this material statutory change, nor has he applied the **Mendoza-Martinez** factors to ascertain whether SORNA II is punitive.

This Court has held that a defendant waives their arguments concerning the SVP determination process under SORNA II where "he fails to provide any discussion, whatsoever, concerning the alterations made by the General Assembly in crafting SORNA II in response to **Muniz** and **Butler**." **Commonwealth v. Cosby**, ___ A.3d ___, 2019 PA Super 354, at 45

- 15 -

(Pa.Super. 2019). "This omission is fatal under [Pa.R.A.P.] 2119, as the discussion of such changes is critical to any pertinent analysis of whether SORNA II's SVP provisions are punitive and, thus, subject to state and federal prohibitions of *ex post facto* laws." ***Id***. Appellant has waived this claim for want of development and discussion. ***See*** Pa.R.A.P. 2119(a).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2020