J-S57022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IRIS TURNER | |
| Appellant | No. 3400 EDA 2014 |

Appeal from the Judgment of Sentence November 4, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009270-2013

BEFORE:  MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                     **FILED October 6, 2015**

Iris Turner appeals from the judgment of sentence imposed on November 4, 2014, in the Court of Common Pleas of Philadelphia County. Turner entered an open guilty plea to charges of burglary, theft by unlawful taking, receiving stolen property, and conspiracy to commit burglary.[1]  The trial court ordered Turner to serve an aggregate term of 13½ to 27 years' incarceration, concurrent to any other sentence imposed or being served. Specifically, the trial court sentenced Turner to a term of 5 to 10 years' incarceration for the burglary charge, 3½ to 7 years' incarceration for the theft by unlawful taking charge, and 5 to 10 years' incarceration for the

_____

[1] 18 Pa.C.S. §§ 3502(a)(4), 3921(a), 3925, and 903, respectively.

charge of conspiracy to commit burglary, to be served consecutively.[2]  The

charge of receiving stolen property merged with the charge of theft by

unlawful taking for purposes of sentencing.    **See** Sentencing Order,

11/4/2014.   On appeal, Turner challenges the discretionary aspects of his

sentence.  For the reasons set forth below, we vacate the judgment of

sentence and remand for resentencing.

The trial court has summarized the facts underlying this appeal, as

follows:

> On or around December 22, 2012, Amtrak began investigating
> the burglary of the Wendy's restaurant located in 30th Street
> Station in Philadelphia. Investigators reviewed the CCTV video
> and observed a black male entering the property, unlocking the
> door, opening the restaurant safe, and removing money. The
> restaurant manager was unable to identify the man in the video.
> The restaurant reported $8,000 missing as a result of the
> burglary. On January 7, 2013, Iris Turner, Defendant, was
> interviewed in connection with the burglary. [Turner] had been
> employed as a supervisor at the restaurant, and as such had
> keys to the front of the store and the office, and knew the safe
> combination. [Turner] quit his job two days after the burglary
> occurred. Upon completion of the interview, [Turner] was

_____

[2] We note a discrepancy between the oral and written sentencing order on
the conspiracy charge.  The written sentencing order reflects the conspiracy
sentence is **5 to 10** years' incarceration.  **See** Order, 11/4/2014.

The sentencing transcript, however, reflects the trial court imposed a
sentence of "**3½ to 7**" years' incarceration on the conspiracy charge.  N.T.,
11/4/2014, at 12. The trial court's opinion and the parties' respective
appellate briefs also represent that the conspiracy sentence is 3½ to 7 years'
incarceration.  **See** Trial Court Opinion, 3/10/2015, at 3; Turner's Brief at 6;
Commonwealth Brief, at 3.

arrested due to an outstanding warrant. [Turner] was searched, and $797 was found on his person. Further investigation led the investigators to obtain a warrant for [Turner's] phone records. The records indicated that [Turner] was at or near 30th Street Station at the time of the robbery. Based on that, [Turner] was placed under arrest.

Trial Court Opinion, 3/10/2015, at 1–2 (record citations omitted).

Following the entry of his guilty plea, Turner was sentenced as stated above. The individual sentences imposed were above the aggravated range of the Sentencing Guidelines, and were statutory maximum sentences.[3]

Turner filed a timely post-sentence motion for reconsideration in which he claimed:

1. The Defendant, Iris Turner, did enter [a] non-negotiated guilty plea on October 24, 2013 to Burglary, Conspiracy, Theft, and Receiving Stolen Property.

2. On November 4, 2014 the Honorable Rayford A. Means did sentence [Turner] to 5 to 10 years on the Burglary charge, 3 ½ to 7 on the Theft charge, consecutive, and 5 to 10 on the Conspiracy charge, consecutive, for an aggregate sentence of 13 ½ to 27 years.

_____

[3] Burglary, 18 Pa.C.S. § 3502(a)(4), is a felony of the second degree, punishable by not more than 10 years of imprisonment. Theft by Unlawful Taking, 18 Pa.C.S. § 3921(a), is a felony of the third degree, punishable by not more than 7 years' imprisonment. Conspiracy to commit burglary, 18 Pa.C.S. § 903, is subject to the same limitations as the substantive offense, and therefore punishable by not more than 10 years' imprisonment.

The Sentencing Guidelines standard range minimum sentence recommendation for the charges of burglary, theft, and conspiracy was between nine and 16 months' incarceration, with an aggravated range of 19 months. *See* N.T., 11/4/2014, at 3, 9.

3. Since the offense gravity score was 5 and [Turner's] prior record score was 4, the sentencing guidelines recommend a sentence of 9 to 16 months, plus or minus 3.

4. The Sentencing Court failed to state on the record a basis for such an extreme deviation from the Sentencing Guidelines.

5. The Sentencing Court did abuse its discretion by imposing an unfairly harsh and excessive sentence, especially in light of the fact that [Turner] did plead guilty and accept responsibility for his crimes.

Motion for Reconsideration/Modification of Sentence, 11/14/2014, at ¶¶1–5.

The trial court denied the motion and this appeal followed.[4]

The sole issue raised by Turner in this appeal challenges the discretionary aspects of his sentence. Specifically, he argues:

> [T]he trial court sentenced [Turner] to twelve (12) to twenty four (24) years['] incarceration for a non-violent property crime.[5] The trial court gave no explanation for the extreme deviation from the Sentencing Guidelines except to make a reference to [Turner's] lack of remorse since he had declined to exercise his right of allocution. However, the court ignored the mitigating factor that [Turner] accepted responsibility for his crimes by pleading guilty.
>
> ****
>
> If a court departs from the sentencing recommendations contained in the Sentencing Guidelines, it must "provide a contemporaneous written statement of the reason or reasons for the deviation." 42 Pa.C.S. § 9721(b); 204 Pa.Code § 303.1(d). The trial court did not do so. For this reason alone, [Turner's] sentence must be vacated and remanded for resentencing. In addition, [Turner] submits that the trial court abused its

---

[4] Turner timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

[5] **See** Footnote 2, **supra**.

discretion by imposing a manifestly excessive and disproportionate sentence.

Turner's Brief at 11 (record citations omitted).

When challenging the discretionary aspects of sentencing,

> [the] right to appellate review is not absolute. *See Commonwealth v. Fiascki*, 2005 PA Super 360, 886 A.2d 261, 263 (Pa. Super. 2005); *Commonwealth v. Hoch*, 2007 PA Super 317, 936 A.2d 515, 518 (Pa. Super. 2007) ("A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal[.]"). The Rules of Appellate Procedure mandate that to obtain review of such claims, the appellant must include in his brief a Concise Statement of Reasons Relied Upon for Allowance of Appeal. *See id.*; *see also* Pa.R.A.P. 2119(f). The defendant's Concise Statement must, in turn, raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a "fundamental norm" of the sentencing process. *See Fiascki*, 886 A.2d at 263; *Commonwealth v. Ousley*, 392 Pa. Super. 549, 573 A.2d 599, 601 (Pa. Super. 1990) (citations and internal quotation marks omitted) ("[A]ppeals from the discretionary aspects of sentence are not to be granted as a matter of course, but . . . only in exceptional circumstances where it can be shown in the 2119(f) statement that despite the multitude of factors impinging on the sentencing decisions, the sentence imposed contravenes the sentencing code.") The determination of whether a particular issue poses a substantial question is to be made on a case-by-case basis. *See Fiascki*, 886 A.2d at 263. If the Rule 2119(f) statement is absent or if the statement provided fails to demonstrate a substantial question, this Court may refuse to accept the appeal. *See id*.

*Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011).

Here, Turner has included in his appellate brief a Pa.R.A.P. 2119(f) concise statement of reasons relied upon for allowance of appeal. Therefore, we must consider whether Turner has raised a substantial question justifying our review.

In his Rule 2119(f) statement, Turner asserts "the trial court imposed a sentence unreasonably disproportionate to his crimes and unduly excessive." Turner's Brief at 8–9. Turner claims the sentence is not appropriate under the Sentencing Code "when one examines the trial court's extreme deviation from the Sentencing Guidelines." *Id.* at 9. Turner argues although "the [S]entencing [G]uidelines recommend a sentence of 9 to 16 months, plus or minus 3. Not only did the trial court impose a sentence much greater than the [G]uidelines, but then it imposed consecutive sentences." *Id.*

"Pursuant to 42 Pa.C.S.A. § 9781(c)(3), a claim that the sentencing court sentenced outside the sentencing guidelines presents such a substantial question." ***Commonwealth v. Curran***, 932 A.2d 103, 105 (Pa. Super. 2007), *citing* ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257 (Pa. Super. 2004). ***See also Commonwealth v. Vega***, 850 A.2d 1277, 1280-1281 (Pa. Super. 2004) (substantial question raised where appellant asserted his sentence was manifestly excessive in that it was grossly disproportionate to his crime in light of the facts surrounding the criminal episode and his background). Therefore, we proceed to review Turner's claim.

Section 9721(b) of the Sentencing Code requires that in every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide a contemporaneous written statement of reasons in support of its sentence. 42 Pa.C.S. § 9721(b). ***See also***

*Commonwealth v. Eby*, 784 A.2d 204, 205–06 (Pa. Super. 2001). "This requirement is satisfied when the court states its reasons for the sentence on the record and in the defendant's presence." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1186 (Pa. Super. 2001) (citation omitted). "[W]hen imposing sentence, a trial court has rendered a proper 'contemporaneous statement' under section 9721(b) of the Sentencing Code, so long as the record demonstrates with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them." *Commonwealth v. Rodda*, 723 A.2d 212, 216 (Pa. Super. 1999).

Here, at sentencing, the prosecutor informed the court that the Sentencing Guideline recommendation with respect to each of Turner's crimes was 9 to 16 months' incarceration for a standard range sentence, and 19 months for an aggravated range sentence, and requested the court to impose a sentence of incarceration of 1½ to 3 [years], plus 2 [years] on the burglary and conspiracy charges, to run concurrent with each other. N.T., 11/4/2014, at 3, 4, 9–10. Turner's attorney waived a pre-sentence investigation report (PSI).[6] *Id.* at 5. Turner's counsel advised the court

---

[6] The Commonwealth submits that, at sentencing, the trial court confirmed its review of a pre-sentence report (PSI). *See* Commonwealth's Brief at 7 (*citing* N.T., 11/4/2014, at 3). The record, however, reflects the following exchange:

*(Footnote Continued Next Page)*

Turner had given a statement to police, and admitted his involvement. N.T., 11/4/2014, at 9. The sentencing transcript reflects Turner then stated to the court he had pleaded guilty and accepted responsibility, and requested a mitigated range sentence. *Id.* at 9.[7] In response, the prosecutor told the court at the time of his arrest Turner had two detainers for probation violations on two first-degree felony robbery convictions, and the prosecutor requested a sentence of incarceration of "1½ to 3, plus 2 for the burglary

*(Footnote Continued)* —————

> [TURNER'S COUNSEL]: Do you need the mental health evaluation?
>
> [COMMONWEALTH COUNSEL]: I've reviewed that, Judge. I do know what the PSI is.
>
> THE COURT:  Yes.
>
> [COMMONWEALTH COUNSEL]:  Judge, the guidelines are 5, 4. It would be – the guidelines are 9 to 16, plus or minus 3.
>
> For the burglary and conspiracy, the Commonwealth's offer was 1½ to 3, plus 2, with restitution.
>
> THE COURT:  All right.
>
> ****
>
> [TURNER'S COUNSEL]: …. Because the defendant has been in custody so long, **I'm waiving the rights to PSI today** --

N.T., 11/4/2014, at 3, 5 (emphasis added).

[7] Although these statements are ascribed to Turner, it appears that these statements may have been made by Turner's attorney. *See* N.T., 11/4/2014, at 9 (for example, "**MR. TURNER**:  I would ask you to sentence **him** in the mitigated range.  I would ask for a county sentence.") (emphasis added).

[and] conspiracy to run concurrent with each other." ***Id.*** at 10. ***See also id.*** at 4.

The trial court advised Turner that he had a right to allocution, and Turner declined to exercise this right. ***Id.*** at 11. Thereupon, the trial court stated: "Okay. No remorse, no apologies, nothing to help mitigate the sentence," and proceeded to impose the sentence. N.T., 11/4/2014, at 11.

"[I]t is undoubtedly appropriate for a trial court to consider a defendant's lack of remorse as a factor at sentencing, provided that it is specifically considered in relation to protection of the public, the gravity of the offense, and the defendant's rehabilitative needs." ***Commonwealth v. Bowen***, 975 A.2d 1120, 1125 (Pa. Super. 2009). However, a court may not consider a defendant's silence at sentencing as indicative of a lack of remorse without violating his privilege against self-incrimination. ***Id.***, *citing* ***Mitchell v. United States***, 526 U.S. 314, 330 (1999) ("The Government retains the burden of proving facts relevant to the crime at the sentencing phase and cannot enlist the defendant in this process at the expense of the self-incrimination privilege.").

Here, the court's finding of lack of remorse was made without evidencing its consideration of sentencing considerations of protection of the public, the gravity of the offense, and the defendant's rehabilitative needs. It is also unclear whether the court was referencing Turner's demeanor or his decision not to exercise his right of allocution. Furthermore, the trial court stated no other reasons on the record.

While the trial court did provide justification for its sentence outside the aggravated range of the guidelines in its Pa.R.A.P. 1925(b) opinion,[8] the court's after-the-fact reasoning is insufficient to satisfy the mandate of Section 9721(b). *See Commonwealth v. Warren*, 84 A.3d 1092, 1098 (Pa. Super. 2014) (trial court's attempt to state the factual basis and

---

[8] The trial court's opinion states:

> In the instant case, as stated on the record at the time of sentencing, the Defendant's Prior Record Score of 4, combined with the Offense Gravity Score of 5 would result in a guideline sentence of nine (9) to sixteen (16) months of confinement, with an adjustment of plus or minus three (3) months for aggravating or mitigating circumstances. N.T. 11/4/2014 at 3. This Court's sentence falls outside of the Sentencing Guidelines, however, this Court considered the guidelines in sentencing the defendant, but deviated from the guidelines based on the totality of the circumstances, including the gravity of the crime involved, the need to protect the community, and the rehabilitative needs of [Turner]. Of particular concern to this Court was the fact that, despite taking responsibility for his actions by pleading guilty, [Turner] displayed no remorse for his actions at the time of sentencing. *Id.* at 11. In addition, the record shows that [Turner] has a 2006 conviction for Robbery with Threat of Serious Bodily Injury, a felony of the first degree, for which he received sentence of three (3) to six (6) years confinement, and, at the time of his arrest, [Turner] was wanted for violating his probation on those cases. *Id.* at 4. The Defendant's continued participation in crimes of theft after such a substantial sentence indicates to this Court that Defendant's rehabilitative needs were not previously met, and that he will likely continue to be a threat to the safety of others. Because this Court explained its reasons for deviating from the guidelines, it did not impose an unduly harsh sentence.

Trial Court Opinion, 3/10/2014, at 4.

- 10 -

reasons for deviation from the guidelines in subsequent Pa.R.A.P. 1925(a) opinion did not ameliorate failure to state reasons for the sentence in court at the time of sentencing).

On this record, we conclude the trial court did not provide an adequate contemporaneous statement as required by Section 9721(b) for a sentence outside the Sentencing Guidelines. The Sentencing Code specifically states:

> In every case where the court imposes a sentence or resentence outside the guidelines …, the court **shall** provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply **shall** be grounds for vacating the sentence and resentencing the defendant.

42 Pa.C.S. § 9721(b) (emphasis added). ***See also Rodda, supra***, 723 A.2d at 214. Therefore, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2015

- 11 -