J-S50035-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA
                                          :

              v.                        :
                                          :

WALTER STAWARZ,           :
                                          :
             Appellant.        :     No. 277 WDA 2018

Appeal from the Judgment of Sentence, January 26, 2018,
in the Court of Common Pleas of Beaver County,
Criminal Division at No(s): CP-04-CR-0001809-2005.

BEFORE: BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:           FILED OCTOBER 31, 2018

Walter Stawarz appeals from his judgment of sentence, following a successful Post Conviction Relief Act (PCRA) petition that negated his life without parole sentence. The court reduced his sentence to a minimum of 35 years to life. We affirm the new sentence.

On September 1, 2005, Stawarz slayed Jeremy Delon. Stawarz was 16 and a juvenile at the time. The underlying facts of the murder are irrelevant to this appeal, because our decision turns upon the insufficiencies in Stawarz's appellate brief. A short procedural background is in order.

A jury convicted Stawarz of murder of the first degree[1] in 2007. The trial court sentenced him to life in prison without the possibility of parole, and he exhausted all direct appeals in 2010.

_____

[1] 18 Pa.C.S.A. § 2502(a).

Five years later, the Supreme Court of the United States ruled that mandatory life sentences without parole for juvenile offenders constitute cruel and unusual punishment under the Eighth Amendment to the Constitution of the United States. See Miller v. Alabama, 567 U.S. 460 (2012). The Court later found that Miller's rule applied retroactively in the post-conviction relief setting. See Montgomery v. Louisiana, __ U.S. __, 136 S.Ct. 718 (2016).

Stawarz filed a PCRA petition and asked the Court of Common Pleas of Beaver County to vacate his unconstitutional sentence of life without parole. The Commonwealth did not object to his petition and requested a new sentence of 35 years to life. The common pleas court granted Stawarz's petition. Next, he moved the court to subsidize his use of a mitigation specialist to assist his court-appointed PCRA attorney in preparing for the resentencing hearing. The court denied this motion. The judge found the expense unnecessary, because a life-without-parole sentence was no longer a possibility. See Trial Court Opinion, 11/15/17, at 4.

The PCRA court then reviewed the record, the prior opinions, "the presentencing report, as well as all of the evidence presented and arguments given at the sentencing hearing. The Court . . . considered all of the factors provided for by [42 Pa.C.S.A. §] 9721(b) of the Sentencing Code, including the protection of public, the gravity of the offense, the impact on the victims, the impact upon the community, and [Stawarz's] rehabilitative needs." Trial Court Opinion, 1/26/18, at 10 – 11. The court also weighed Stawarz's "various age-related characteristics" – i.e., the Miller factors that this Court recognized

in Commonwealth v. Melvin, 172 A.3d 14 (Pa. Super. 2017). Trial Court Opinion, 1/26/18, at 11. Additionally, the court recognized that Stawarz, "convicted of committing this crime as a juvenile, is constitutionally different from, and thus less culpable than, an adult." Id. After weighing all these things, the PCRA court adopted the Commonwealth's recommended new sentence of 35 years' imprisonment to life. In other words, the court made Stawarz eligible for parole after 35 years in the state penitentiary.

This appeal followed.

Stawarz objects to his new sentence on three grounds. He asks this Court:

1. Whether the PCRA Court committed prejudicial err and abused its discretion in denying [his] request for funding for a mitigation specialist.

2. Whether the PCRA Court erred in discounting [his] documented chaotic and abusive home environment; history of substance abuse, neglect, [and] criminal behavior of his parents; domestic violence between his parents; and instability in his living arrangements.

3. Whether the PCRA Court abused its discretion by not addressing the Miller factors and failing to take into account the differences between adults and children, and how those differences counsel against sentencing children to a lifetime in prison.

Stawarz's Brief at 8 – 9.

Stawarz's second and third issues challenge the discretionary aspects of his new sentence. We will deal with them first, because Stawarz has failed to invoke this Court's jurisdiction on those two points.

Stawarz has no right of appeal regarding the discretionary aspects of a sentence; rather, this Court will only review such claims when an appellant has satisfied well-established procedural prerequisites. See Commonwealth v. Stein, 39 A.3d 365 (Pa. Super. 2012). An appellant must (1) raise the issues at either the time of sentencing or in a post-sentence motion, (2) file a timely notice of appeal, (3) satisfy Pennsylvania Rule of Appellate Procedure 2119(f), and (4) present a substantial question for review. Id. at 370. If any of these four requirements is absent, this Court will generally not reach the merits of the discretionary aspects of sentencing.

In this instance, we find the third prong of the allowance-of-appeal test to be questionable and the fourth prong to be lacking. Hence, we confine our discussion to those two points.

Pa.R.A.P. 2119(f) dictates challengers of "the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." The 2119(f) statement in Stawarz's brief is minimal, at best. After quoting Pa.R.A.P. 2119(f) Rule, he only writes "Appellant, Stawarz, and the legal basis for the sentence imposed." Stawarz's Brief at 15. That is all; he wrote nothing to explain this point.

We have no idea what Stawarz meant to say in his 2119(f) statement, so he has not produced a meaningful 2119(f) statement. As such we find that he did not substantially comply with the third prong of the allowance-of-appeal

test. In such cases, this Court has summarily denied allowances of appeal challenging the discretionary aspects of sentencing.

For example, in Commonwealth v. Ousley, 573 A.2d 599 (Pa. Super. 1990), Judge Rowley, writing a panel majority, concluded that an appellant had "totally failed to articulate in his 2119(f) statement any factors which the trial court relied upon which allegedly were not before it." Id. at 601. Even though Ousley had produced a more thorough statement than the one in the instant appeal, his "conclusory assertion in the 2119(f) statement that the sentence exceeded the guidelines, without more, [did] not raise a substantial question." Id. In other words, we "made it clear that appeals from discretionary aspects of sentencing are not to be granted as a matter of course, but are to be granted only in exceptional cases where it can be shown in the 2119(f) statement that . . . the sentence imposed contravenes the sentencing code." Id (emphasis in original).

More recently, we relaxed the Ousley rule, when the Commonwealth fails to object to the absence or deficiency of a 2119(f) statement. "When the Commonwealth does not object to the omission of a Rule 2119(f) statement, this Court can overlook the omission if the presence or absence of a substantial question can be easily determined from the appellant's brief." Commonwealth v. Maneval, 688 A.2d 1198, 1199 (Pa. Super. 1997) (citing Commonwealth v. Saranchak, 675 A.2d 268, 277 n. 18 (Pa. 1996)).

Here, the Commonwealth raised no objection to the 2119(f) statement. Thus, we must review his appellate brief to determine if a substantial question

is present. Our test to decide whether a substantial question is presented is as follows:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

Commonwealth v. Glass, 50 A.3d 720, 727 (Pa. Super. 2012).

In both his second and third appellate issues, Stawarz argues that the PCRA court improperly failed to apply the factors from Miller v. Alabama, 567 U.S. 460 (2012). However, as the Commonwealth and the common pleas judge correctly pointed out, "the Commonwealth specifically and unequivocally did not seek a sentence of life without the possibility of parole. As such, the Miller factors are inapplicable and the Court is not constrained to consider them." Commonwealth's Brief at 7. Moreover, even a cursory review of the PCRA court's opinion reveals that it did consider the Miller factors in resentencing Stawarz, even though it was not bound to do so. See Trial Court Opinion, 3/28/18, at 10-11.

In addition, as the PCRA court explained, it:

> indicated on the record during [Stawarz's] sentencing hearing that it had reviewed the record of the trial, the decertification, the presentence report, the victim impact statements, and all of the additional evidence and records submitted at the sentencing hearing, including [Stawarz's] prison records. Because the sentence is consistent with section 1102.1 of the Crimes Code and because the record shows that the Court carefully considered all of the evidence presented in this case, including those factors which

> [Stawarz] avers the Court "erred in discounting," no substantial issue for appellate review has been raised.

Id. at 8-9.

We agree. Accordingly, this Court denies Stawarz's allowance of appeal as to his second and third issues, because he has failed to raise a substantial question to warrant us reaching the merits of his claims.

Turning to his only remaining issue, we find his argument that the PCRA court erroneously denied his motion for a court-funded mitigation expert to be incompatible with our deferential standard of review, even though he correctly recited it. "In reviewing the PCRA Court's decision not to allow public funds to hire a mitigation specialist, the appellate court's standard of review of the denial is an abuse of discretion . . . ." Stawarz's Brief at 6 (citing Commonwealth v. Page, 59 A.3d 1118 (Pa. Super. 2013). Stawarz did not consider what constitutes an abuse of trial court discretion and, instead, reargued his motion de novo to this Court.

Stawarz wrote, in relevant part:

> It is obvious that [he] is indigent as his in forma pauperis request was granted by this Court and present counsel appointed. [He] recognizes that the government is not obligated to pay for ancillary services simply because he asks for such help . . . In the initial motion and the amended motion, counsel addressed the need for the specialist and also the relevance of the request. The PCRA court denied this request.
>
> A mitigation specialist is necessary because of the analysis and requirements of Miller and Montgomery. These cases set the guidelines for the court. "The fundamental premise behind the court's rejection of mandatory life without parole sentences for juveniles was

> its insistence that the factor of youth be taken into account before the imposition of a state's harshest penalties and that each juvenile receive an individualized sentence based upon the particular youth's age and characteristics and surrounding circumstances. [sic] Miller identified characteristics or attributes that a sentencing court must consider when sentencing a juvenile to life without the possibility of parole. Albeit the Commonwealth was not seeking the life without the possibility of parole in this matter, an examination of the Miller factors was necessary and relevant in order to provide [Stawarz] with an individualized sentencing hearing.

> [Stawarz's] counsel met with Randy Matuscak and attempted to retain his services, because Mr. Matuscak had previously interviewed [Stawarz] and his family and produced a decertification report in his case. Mr. Matuscak was familiar with [Stawarz], his history, and his family, and counsel requested a nominal fee not to exceed three-thousand dollars ($3,000.00). The PCRA Court immediately denied this request and therefore, the PCRA Court abused its discretion.

Stawarz's Brief at 16 – 18 (some quotations omitted). Stawarz's proposed conclusion does not logically follow from any of the arguments he alleged.

In order to establish an abuse of discretion, Stawarz could not just point to an error by the PCRA court, because, as that court informed him, "an abuse of discretion is not shown merely by an error in judgment." Trial Court Opinion, 3/28/18, at 6 (quoting Commonwealth v. Mann, 957 A.2d 746, 749 (Pa. Super. 2008). Instead, "the appellant must establish, by reference to the record, that the [PCRA] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." Id.

- 8 -

Stawarz's appellate argument did none of those things. He made no reference to where or how the PCRA court misapplied the law; raised no claim of partiality, bias, or prejudice; and asserted no basis as to how the denial of funding for an expert was manifestly unreasonable. Therefore, we conclude Stawarz's claim that the PCRA court abused its discretion is unpersuasive and unsubstantiated. Thus, we dismiss his first issue on appeal as meritless.

In sum, Stawarz's first appellate issue lacks merit, and this Court has found no basis for asserting discretionary appellate jurisdiction over his second and third issues.

Judgment of Sentence affirmed.

Judge Bowes joins in this Memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2018