J-S18008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES HAYNES, JR. | : | |
| | : | |
| Appellant | : | No. 1651 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 25, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003620-2020

BEFORE: PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 25, 2023**

James Haynes appeals the judgment of sentence entered by the Bucks County Court of Common Pleas following guilty plea to charges of Burglary, Stalking, and two counts of Harassment. Haynes claims the trial court abused its discretion by imposing an aggregated sentence of two and one half to six years' incarceration without considering his rehabilitative needs. Upon review of the record, we find his claim without merit and hereby affirm.

For purposes of this appeal, the facts are not contested. On February 15, 2020, Haynes forced himself into his ex-girlfriend's apartment. The ex-girlfriend fled by vehicle and Haynes followed her with his own vehicle until she was able to contact police. Then, Haynes returned to the apartment where

---

[*] Former Justice specially assigned to the Superior Court.

he ripped up roses and scattered petals on the steps into and inside her apartment to send a message. *See* Trial Court Opinion, at 1-3.

On January 4, 2022, a jury trial commenced. After three days of trial and after the jury had begun its deliberations, on January 6, 2022, Haynes pled guilty to one count of Burglary, Stalking, and two counts of Harassment.[1] On April 25, 2022, the court sentenced Haynes to serve an aggregated sentence of two and one half to six years' incarceration consisting of 24 to 48 months' incarceration for Burglary and six to 24 months' incarceration for stalking, to be served consecutively. *See* N.T. 4/25/2022, p. 13. On April 28, 2022, Haynes filed a Motion for Reconsideration of Sentence, which the court denied without hearing on May 26, 2022.

On appeal, Haynes argues that the trial court abused its discretion by imposing a manifestly excessive sentence and failing to consider all the relevant factors. The standard of review vests sentencing "in the sound discretion of the sentencing judge, and [the] sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Rodda*,

---

[1] "The Commonwealth *nolle prossed* the following charges: one count of Burglary — Overnight Accommodations, Person Present ( 18 Pa. C.S. §3502(a)(i)), two counts of Criminal Trespass ( 18 Pa. C.S.§ 3503(a)(1)(ii)), one count of Rape by Forcible Compulsion ( 18 Pa. C.S. § 3121(a)(1)), one count of Involuntary Deviate Sexual Intercourse— Forcible Compulsion ( 18 Pa. C.S. §3123 ( a)(1)), one count of Sexual Assault ( 18 Pa. C.S. § 3124.1), one count of Indecent Assault— without Consent ( 18 Pa. C.S. § 3126(a)(1)), and one count of Indecent Assault by Forcible Compulsion ( 18 Pa. C.S. § 3126(a)(2))." Trial Court Opinion, at 4.

723 A.2d 212, 213 (Pa. Super. 1999). "An abuse of discretion is more than just an error of judgment... on appeal the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will." ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa. Super. 1999). To invoke this Court's jurisdiction over the discretionary aspects of sentencing, Haynes must satisfy a four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Haynes preserved his issues through a timely post-sentence motion to modify his sentence and filed a timely appeal. Further, counsel has included the required Rule 2119(f) statement. We therefore must review Haynes's Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (citation and emphasis omitted); ***see also*** Pa.R.A.P. 2119(f).

A challenge to the discretionary aspects of sentencing does not entitle appellate review, instead, the appellant must raise a substantial question. *See Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016). A substantial question is "a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Id.* (citation omitted). The relevant factors a trial court must consider are the protection of the public, the gravity of the offense as it impacts the victim and the community, the rehabilitative needs of the defendant, the nature and circumstances of the offense, and the history and character of the defendant. *See* 42 Pa. C.S.A. § 9721(b) and 42 Pa. C.S.A. § 9781(d)(1).

While the mere assertion that the trial court did not give adequate weight to sentencing factors does not rise to the level of a substantial question, claims that the trial court failed to consider relevant sentencing criteria may present a question for our review. *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016). Moreover, this has recognized claims that a sentence is manifestly excessive so that it constitutes too severe a punishment raises a substantial question, but the appellant's claim must be more than a "bald averment[.]" *Commonwealth v. Ousley*, 573 A.2d 599, 601 (Pa. Super. 1990).

Here, Haynes argues the trial court failed to consider his rehabilitative needs as required under 42 Pa. C.S.A. § 9721(b) and, by failing to do so, fashioned a manifestly excessive sentence out of two consecutive sentences within the guidelines. Therefore, we find Haynes has raised a substantial question and we must review the merits of the challenge to the discretionary aspects of his sentence. *See e.g., Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (holding "Appellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question.")

First, Haynes argues that the trial court did not consider his rehabilitative needs and, instead, focused on Haynes's prior adjudications without accounting for his time as a productive member of society during the two years between the incident and the sentencing. The law is clear that when a Pre-Sentence Investigation (PSI) is available to the trial court, it is presumed that the trial court appropriately weighed all relevant information contained in the PSI. *See Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa. Super. 2002). While Haynes acknowledges that a "lengthy" 25-page PSI was prepared, he argues the report goes into detail about his prior history of "a juvenile adjudication at age 14 and a series of drug possessory offenses and minor crimes in his early twenties" and "contains verbatim excerpts from the police reports, including narratives regarding the investigation and the witness

statements which focus almost exclusively on the sex offenses to which Appellant did not plead guilty."[2] Appellant's Brief, at 6-7. Haynes further argues that the PSI did not adequately account for his character and periods of good behavior. *Id.* However, when incorporating the presentence investigation report into the record, the court asked if the parties objected to any part of the report and the Commonwealth and Haynes's counsel stated there was no objection. *See* N.T. 04/25/22, at 9-10.

Haynes's claim that the trial court "simply failed to consider [his] rehabilitative needs" is not supported by the record. Appellant's Brief, at 14. In fact, the trial court explicitly discussed Haynes's need for structure in his rehabilitation:

> And the risk assessment, as I mentioned, potential for rehabilitation. I do think obviously there's potential for you to act as a law-abiding citizen. You've done it at certain times in your life. But it sounds like structure is, frankly, something that you need. I think you also, frankly, need treatment.

N.T. 04/25/22, at 11.

---

[2] While Haynes references the inclusion of statements in the PSI related to the dismissed sexual offense charges, he does not develop an argument of their improper consideration by the sentencing court with citation to relevant authorities. Therefore, in light of Haynes's failure to object to the contents of the PSI when given the opportunity at the sentencing hearing, Haynes has waived this issue. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *see also In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal." (citations and quotation marks omitted)).

In considering Haynes's rehabilitation, the court found that he needed structure and, in fashioning the sentence, the record suggests the trial court found incarceration necessary to provide that structure. The need for time to rehabilitate was emphasized when the court reflected on the nature of Haynes's crime:

> Well, that's what you did. That's not lawful, to say the least. It's not appropriate. It's something that you need to work on, and with the proper amount of treatment, I think you can work on it.

*Id.* at 12.

As such, the record is replete with evidence the court considered Haynes's rehabilitative and treatment needs. Haynes's first challenge to the discretionary aspects of his sentence merits no relief.

Similarly, Haynes's assertion that the trial court failed to consider his recent years as a productive member of society is also unsupported by the record. In the two years since the incident occurred, Haynes had been working for the City of Philadelphia and was planning on attending classes to earn his commercial driver's license. ***See id.*** at 5-7. At the hearing, Haynes presented the trial court with an update regarding his current employment and the court acknowledged his recent good behavior:

> It sounds like you did well on supervision. That's good news. And you have a good work ethic, so that's good news. So you've got a good job, obviously. So that's what makes it a little more tragic that you, you know, did what you did in this particular case, because you have a lot going for you, which is very unfortunate.

*Id.* at 10.

Contrary to Haynes's claim, the court clearly acknowledged the positive strides Haynes had made and noted these improvements made the necessary sentencing "tragic."

Next, while Haynes acknowledges the court-imposed sentence is within the standard range of the Sentencing Guidelines, he argues the sentence is manifestly excessive because it fails to take into consideration his history and character. **See** Appellant's Brief, at 19. At the sentencing hearing, the trial court explained the guidelines: "So the guidelines on the burglary, standard range, are 24 to 30; and on stalking, a separate crime, it[']s 9 to 16. So the guidelines are appropriate to apply in this case, given all of these factors that I have mentioned." **Id.** at 13. The court sentenced Haynes to 24-48 months' incarceration for Burglary, a consecutive six to 24 months' incarceration for stalking, and no further penalty on the harassment convictions.

While Haynes is correct in asserting that the guidelines are not binding, and that a sentencing court need only acknowledge and consider them while exercising its own independent discretion, **see Commonwealth v. Walls**, 926 A.2d 957 (Pa. 2007), Haynes has failed to convince us that the trial court abused its discretion by imposing standard range guideline sentences in this case. Further, Haynes has failed to convince us that the aggregate sentence created by running two sentences consecutively, constitutes an abuse of the trial court's discretion. The aggregate sentence, in light of the crimes to which Haynes pled guilty, is not so extreme as to be unreasonable, and Haynes is

not entitled to a "volume discount" on his crimes. ***Commonwealth v. Calhoun***, 52 A.3d 281, 287 (Pa. Super. 2012). Haynes's final challenge to the discretionary aspects of his sentence merits no relief.

Upon review of the record, we do not find the sentence imposed here to be manifestly unreasonable. The trial court considered all the relevant sentencing factors including the protection of the public, the gravity of the underlying offense, and Haynes's rehabilitative needs. Therefore, we find the claims without merit and hereby affirm.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2023